T.C. Memo. 2006-122

UNITED STATES TAX COURT

GARY LEE GUNTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2911-04.                    Filed June 13, 2006.

Gary Lee Gunton, pro se.

<u>Anne D. Melzer</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $2,381 in petitioner's Federal income tax for 2001 and an addition to tax of $592.41 under section 6651(a)(1).  After concessions by respondent, the issues to be decided are:  (1) Whether compensation that petitioner received in 2001 is taxable to him and (2) whether petitioner is liable for the addition to tax.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided on the Allegany Reservation in New York at the time that he filed his petition.

Petitioner is an enrolled Seneca Indian and a member of the Haudenosaunee Confederacy (Six Nations).

During 2001, petitioner was employed by Asplundh Tree Expert Co. (Asplundh) to cut down trees. Petitioner was paid $21,494 by Asplundh in 2001. From February 16 through March 31, 2001, Asplundh withheld $470.26 from petitioner's wages. Afterwards, petitioner filed a Form W-4, Employee's Withholding Allowance Certificate, claiming "exempt" from income taxes. Petitioner did not file a Federal income tax return for 2001.

## OPINION

Section 1 imposes a tax on all taxable income. Section 61(a)(1) includes in gross income "all income from whatever source derived," including compensation for services. Respondent determined that the amounts paid to petitioner by Asplundh were taxable income. Petitioner argues that these amounts are exempt

from tax because he is a member of the Seneca nation, which is part of the unconquered Iroquois Confederacy, and he is still living on unconquered original land.  He contends that he is not a U.S. citizen and that the U.S. Constitution states "Indians not Taxed".

Native Americans are subject to the same Federal income tax laws as are other U.S. citizens unless there is an exemption explicitly created by treaty or statute.  Squire v. Capoeman, 351 U.S. 1, 6 (1956); Estate of Poletti v. Commissioner, 99 T.C. 554, 557-558 (1992), affd. 34 F.3d 742 (9th Cir. 1994); see Allen v. Commissioner, T.C. Memo. 2006-11; see also Rev. Rul. 2006-20, 2006-15 I.R.B. 746.  Any exemption must be based on the clear and unambiguous language of a statute or treaty.  Squire v. Capoeman, supra; see Allen v. Commissioner, supra.  Petitioner has not shown that any treaty or statute specifically exempts any of his compensation.  See George v. Commissioner, T.C. Memo. 2006-121.

Respondent also determined an addition to tax because petitioner did not file his 2001 return.  Respondent's burden of production under section 7491(c) is satisfied by our finding that no return was filed in 2001.  To avoid the addition to tax for failure to file, petitioner has the burden of proving that the failure to file did not result from willful neglect and was due to reasonable cause.  See United States v. Boyle, 469 U.S. 241, 245 (1985).  To prove reasonable cause, a taxpayer must show that

he or she exercised ordinary business care and prudence but nevertheless could not file the return when it was due.  See Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Because petitioner failed to present any reasonable explanation for his failure to file, respondent's determination with respect to the addition to tax under section 6651(a)(1) is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.